IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**ROBERT RADILLA**,

    Plaintiff,                                                                            No. 3:15-cv-01019-MO

    v.                                                                                      OPINION AND ORDER

**CITY OF NEWBERG**, et al.,

    Defendants.

**MOSMAN, J.**,

    Defendants submitted a Motion for Costs [74] to recover costs they incurred in calling an expert witness and two lay witnesses for trial, which was scheduled to begin on September 27, 2016.  Defendants are seeking to recover those costs because the trial was cancelled after Plaintiff's attorney failed to appear for the pretrial conference at 8am.  Plaintiff's former attorney, Mr. Leonard Berman, submitted a Response to Motion for Costs [80], where he argued Defendants had "no good faith basis to seek costs."  For the following reasons, I GRANT Defendants Motion for Costs [74] and I ORDER Plaintiff's former attorney, Mr. Leonard Berman, to pay costs to Defendants.

1 – OPINION AND ORDER

**Background**

On September 11, 2016, Plaintiff's attorney submitted a Motion to Withdraw as Counsel [57] from the case. After considering Mr. Berman's arguments, I denied the Motion and ordered Mr. Berman to proceed to trial.

Trial was scheduled to begin at 9:00 am on September 27, 2016, with a pretrial conference occurring that morning at 8:00 am. The day before trial, Mr. Berman sent multiple emails to my chambers, disparaging Plaintiff Radilla's character and stating his belief that Mr. Radilla would not be present for the pretrial conference the next morning. Through my Courtroom Deputy, I informed Mr. Berman that I did not need updates on the status of Mr. Radilla unless he informed Mr. Berman that he in fact would not be present for trial the next morning. Later that day, Mr. Berman again sent an unsolicited email to my chambers with an update on Mr. Radilla's status. My Courtroom Deputy responded, "We will see everyone at 8:00 am, as previously requested." That was the last correspondence sent from my chambers to Mr. Berman on September 26, 2016. Mr. Berman, however, responded to that email later that evening, explaining that Mr. Radilla's father indicated Mr. Radilla would not be present for trial in the morning. In that same email, Mr. Berman requested guidance on whether he needed to appear for the pretrial conference in the morning. My Courtroom Deputy received this last email early the next morning and, at 7:42 am, told Mr. Berman he needed to be present.

Mr. Berman failed to appear for the pretrial conference. Mr. Radilla and defense counsel, however, were present as ordered. My chambers attempted to reach Mr. Berman by phone at his office and on his cell phone. Those attempts were unsuccessful until approximately 9:00 am, when Mr. Berman finally became available via telephone. At that point, I ordered Mr. Berman to arrive in my courtroom at 9:45 am.

When Mr. Berman arrived, he told me that he had planned to call in for the pretrial conference since he was under the impression that Mr. Radilla would not be present. Mr. Berman also claimed his phone was "inoperable," which was why he was unreachable until 9:00 am. Given the clear irreconcilable conflict of interest that I determined now existed between Mr. Berman and Mr. Radilla, I asked Mr. Radilla if he would prefer to proceed to trial with another attorney. Mr. Radilla responded that he would prefer new counsel and I agreed to appoint pro-bono counsel for him. As a result, I reconsidered and GRANTED the earlier Motion to Withdraw [57]. I agreed to delay the start of trial until new counsel was obtained.

## Discussion

Under some circumstances, "federal courts have inherent power to assess attorney's fees against counsel." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). For example, courts have the inherent power to sanction an attorney's conduct that constitutes or is tantamount to bad faith. *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (citing *Roadway Express*, 447 U.S. at 776). To do so, a court must make a "specific finding of bad faith." *Id; see also Roadway Exp.*, 447 U.S. at 765-66 (explaining that a federal court has the inherent power to "assess attorneys' fees for the 'willful disobedience of a court order'" (citation omitted)).

Defendants are seeking to recover the costs they incurred in calling witnesses to testify at trial. Specifically, they are seeking to recover $1,000 for the late cancellation fee of expert witness David Buuck, $67.00 for the subpoena fee of witness Brandon Henry, and $82.00 for the subpoena fee of Jaime Wik.

Mr. Berman responds with several arguments for why there is no good faith basis to seek these costs as a result of his failure to appear on time. Rather than supporting his position, however, Mr. Berman's arguments are contradictory. Mr. Berman argues that he was ready to

go to trial, "albeit two hours late." But, he also argues that Mr. Radilla himself was responsible for Mr. Berman's inability to proceed to trial because Mr. Radilla failed to meet with Mr. Berman on September 26th to prepare his testimony. Further, he claims defense counsel knew he was not planning to attend the pretrial conference in person based on their communications on September 26th, and therefore, the defendants had no reason to expect to call any witnesses on September 27th. In fact, he audaciously claims that defense counsel cannot now ask for the costs associated with calling their witnesses for trial because they took the risk that the trial would actually happen.

The arguments Mr. Berman makes in his Response to Motion for Costs [80] are meritless and made in bad faith. Mr. Berman's decision not to appear for the pretrial conference was made in bad faith. He never requested my permission to appear via telephone, nor did he inform me that he intended to appear by telephone. In any event, he was not available via telephone and his excuses for why he was unavailable are unavailing. Overall, his behavior leading to trial was unprofessional and unbecoming of a licensed attorney. Therefore, I GRANT Defendant's Motion for Costs [74] and order Mr. Berman, not his client, to pay those costs.

IT IS SO ORDERED.

DATED this   16th   day of November, 2016.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Court Judge